**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BARTRAM YIHNI DABNEY,
                       Plaintiff,

   - v -                                          Civ. No. 9:11-CV-273
                                                        (LEK/RFT)

DONALD SAWYER, *Executive Director, Marcy Mental Health Hospital*; JOANN WALDRON, *Chief of OMH Satellite, Clinton Correctional Facility*; DR. BERGGEN,[1] *Psychiatrist, Clinton Correctional Facility*; DR. LEE, *Medical Director, Clinton Correctional Facility*; DR. FAROOKI, *Dentist*; SHARON LOCKRIDGE;[2] *OMH Therapist*; SAVAGE, *OMH Therapist, Clinton Correctional Facility*; RON DUMONT, *Nurse, Clinton Correctional Facility*; C.O. BEESHAW, *Correctional Officer, Clinton Correctional Facility*; C.O. FOLEY, *Correctional Officer, Clinton Correctional Facility*; DR. BATTER,[3] *Psychiatrist, Great Meadow Correctional Facility*; J. NOCERA, *Assistant Inspector General, Department of Correctional Services*; V. DONAHUE, *Social Worker, Great Meadow Correctional Facility*,
                                          Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

BARTRAM YIHNI DABNEY
Plaintiff, *Pro Se*
93-A-7310
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

---

[1] The correct spelling of this Defendant's name is "Bergen." *See* Dkt. No. 25. Service has been accomplished on this Defendant and counsel clearly appeared on his behalf, yet, perhaps by simple oversight, his name is omitted from the Notice of Motion filed by Defendants' counsel. Dkt. No. 27.

[2] According to the Defendants' counsel, this Defendant's correct name was "Sara Loughran," but she is now known as "Sara Nephew." Dkt. No. 16.

[3] The correct spelling of this Defendant's name is "Battu." Although it appears from the docket that the request for acknowledgment of service on this Defendant was returned unexecuted, Dkt. No. 30, several appearances have been made by Defendants' counsel on behalf of this party. For example, on October 11, 2011, counsel for Defendants requested an extension of time to respond to the Complaint on behalf of this and other Defendants. Dkt. No. 16. And, on April 30, 2012, a notice of counsel substitution was filed on behalf of all Defendants, without exception. Dkt. No. 28. Finally, the pending Motion to Dismiss, while curiously missing the name of Defendant Bergen, *see supra* note 1, specifically lists Defendant Battu as joining the move for dismissal, again without exception. In light of these appearances by counsel, the Court considers any service objection that may have been raised on behalf of Defendant Battu has been waived.

| | |
|---|---|
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General of the State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224 | CHARLES J. QUACKENBUSH, ESQ.<br>Assistant Attorney General |

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Bartram Yihni Dabney initiated this action with the filing of a civil rights Complaint. Dkt. No. 1, Compl. By his Complaint, Dabney asserts claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 arising out of his confinement at Great Meadow Correctional Facility and Clinton Correctional Facility. He claims that as retaliation for a pending litigation he had commenced against eighteen prison officials, the Defendants used excessive force against him and further denied him medical and mental health care. He also asserts that he was discriminated against because of his race and was subjected to cruel and unusual conditions of confinement. *See generally* Compl.

At the time this action was filed, there were two named Plaintiffs, Bartram Yihni Dabney and Rashawn Simpson. However, Mr. Simpson, having failed to sign the Complaint or provide the filing fee, was subsequently terminated from the action. *See* Dkt. No. 5, Order, dated Aug. 18, 2011 (providing Mr. Simpson with thirty days to comply or else be terminated from the action). Presently pending is Defendants' Motion to Dismiss the Complaint, which is opposed by Dabney. Dkt. Nos. 27, Defs.' Mot. to Dismiss, & 32, Pl.'s Resp. Although Defendants noticed the Motion as brought pursuant to Federal Rules of Civil Procedure 8, 10, and 12(b)(6), there is no substantive argument included in the terse five-paged Memorandum of Law that addresses the purported inefficacies of the claims alleged by Dabney. Instead, the Defendants' entire argument for dismissal is based upon

Plaintiff's alleged failure to comport his Complaint to the formal pleading standards set forth in Rules 8 and 10. Dkt. No. 27-1, Mem. of Law, at p. 1 ("The Complaint fails to contain a short and plain statement of plaintiff's claims showing that he is entitled to relief and engenders confusion by failing to list averments in separately numbered paragraphs consisting as much as is practicable of a single set of circumstances."). According to Defendants, they are simply unable to respond, and indeed it would pose too much of a burden to respond, "where the factual and legal allegations remain so unclear and are presented in such rambling, unnumbered, protracted paragraphs." *Id*. at p. 3.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading . . . ." *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the

defendants in shaping a comprehensive defense, provides no meaningful basis for the court to assess the sufficiency of plaintiff's claims, and may properly be dismissed by the Court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons II v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

The Complaint filed by Dabney consists of two seemingly severable or distinct parts. First, there is a fourteen-page typed *pro forma* Complaint identical to those typically used by inmates who sue for relief pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. In this document, the paragraphs are pre-numbered. Pre-numbered paragraph six contains the facts underlying the civil claims asserted by Dabney. This section spans six pages and is broken down into four "Issues." Compl. at pp. 7-12. These six pages are written in narrative form and the separate sub-paragraphs are not numbered. The last page of this portion of the document, which would normally bear the signature of the plaintiff pursuant to Federal Rule of Civil Procedure 11, is unsigned. *Id*. at p. 14. The second portion of the Complaint is, substantively, an exact replica of the typed portion, with three major distinctions: 1) it is entirely handwritten, 2) each paragraph throughout the entire twenty hand-written pages is sequentially numbered, and 3) it bears the notarized signature of Plaintiff Dabney on the final page. Dkt. No. 1-1.

As noted above, Plaintiff Dabney is proceeding *pro se*, and is therefore entitled to leniency when it comes to pleading standards. Essentially, he is not to be held to the same pleading standards

as that imposed on a licensed attorney. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Furthermore, as Dabney points out in his Opposition, this Complaint has already survived the District Court's initial review wherein the pleading is reviewed, not necessarily on the merits, but at the very least for its conformity to the pleading requirements of Rules 8 and 10. *See* Dkt. No. 32 at p. 4; *see also* Dkt. No. 5 (directing service of the Complaint). In short, Dabney's pleading, though not a model of clarity, contains a short and plain statement of the claims asserted and has separately numbered paragraphs wherein facts are asserted to support the claims raised therein. There may be instances where more than one fact is raised in a single paragraph, and certainly there are instances of commentary not necessarily related to the issues apparently at hand. But this is nothing new in the realm of prisoner litigation wherein the majority of inmates represent themselves in federal court.

In light of the handwritten portion of the Complaint, we find Defendants' arguments regarding the onus placed on them to respond thereby justifying dismissal to be wholly without merit. While both the typed version and handwritten version constitute the entire Complaint, we concede that answering the typed version could prove somewhat challenging for Defendants. Therefore, we would recommend that Defendants only be directed to answer the handwritten version of the Complaint and may use the typed version as a means of reference should any portion of the handwritten paragraphs prove indecipherable. Thus, we would recommend **denying** Defendants' Motion for Dismissal based upon Rules 8 and 10.

Insofar as Defendants assert they also move for dismissal pursuant to Rule 12(b)(6), such request should be **denied** because they failed to make any substantive argument in support of the notion that Plaintiff's claims are not plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 & 697 (2009) ( "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). This Court will not infer any legal argument on behalf of Defendants, who are represented by counsel, where none have been proffered.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 27) be **denied** and Defendants be directed to respond only to the handwritten portion of the Complaint (Dkt. No. 1-1); and it is further

**ORDERED**, that the Clerk of the Court update the Docket Report so that the names of the following Defendants are corrected: Defendant Berggen's name should be spelled "Bergen"; Defendant Sharon Lockridge should be changed to Sara Nephew f/k/a Sara Loughran; and Defendant Batter's name should be spelled "Battu"; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 17, 2012
      Albany, New York

Randolph F. Treece
U.S. Magistrate Judge